**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

DARITZA LAURENCIO DUME                CASE NO.  6:20-CV-01674 SEC P

VERSUS                                JUDGE JAMES D. CAIN

WILLIAM BARR, ET AL                   MAGISTRATE JUDGE HANNA

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (rec. doc. 1) filed by *pro se* petitioner Daritza Laurencio Dume.  Dume included a request for the Court to issue an Order that she not be transferred out of the jurisdiction of the ICE New Orleans Director during the pendency of this proceeding.  Petitioner has also filed a Motion to Appoint Counsel.  Rec. Doc. 2.

**I.      Request to Remain in the Jurisdiction of ICE New Orleans Director**

Dume's physical presence in this district is not required for the adjudication of her Petition.  Her transfer out this district would not destroy the Court's jurisdiction over her habeas claim.  Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner.  *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).

Additionally, § 2241 petitions regarding *Zadvydas* claims and the legality of detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings, and because Dume is proceeding *pro se,* there is no issue regarding her ability to meet with counsel.

Moreover, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Petitioner's request for this Court to issue an Order that she is to remain in the jurisdiction of the ICE New Orleans Director is denied.

## II.     Motion to Appoint Counsel

Plaintiff has also filed a Motion to Appoint Counsel. Rec. Doc. 2. In general, the Court has authority to appoint counsel to represent an indigent party in any civil case pursuant to 28 U.S.C. § 1915(e)(1). That section provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West Supp. 2000). However, appointed counsel in a civil case is a

privilege and not a constitutional right, allowed only in exceptional cases. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992); *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Thus, in determining whether to make such an appointment, a court should look at the following factors, among others: (1) the type and complexity of the case; (2) whether the petitioner is capable of adequately representing his case; (3) whether the petitioner is in a position to investigate his case adequately; and (4) whether the evidence will consist in large part of conflicting testimony that would require skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Here, the Court does not find any exceptional circumstance to justify appointing counsel for Petitioner. In this immigration case, though a somewhat complex area of law, most questions the Court will resolve will be legal rather than factual. Hence, there will be little need for Petitioner to investigate her case. Moreover, at this time, the Court does not find the need for testimony in this case and, consequently, no need for skillful cross-examination.

Although many persons in Petitioner's situation (i.e., detainees facing removal) have a significant language barrier, Petitioner appears to write English plainly and with sufficient aptitude for the Court to understand. More importantly, a quick review of the papers Petitioner has filed in this case, without an attorney to assist her, demonstrates that Petitioner has more than a rudimentary understanding

of the law and procedure.  Her filings are neatly typed, and her exhibits are plainly labeled. Moreover, Petitioner cites statutes and case-law with more than a lay-person's understanding. In short, the Court is quite confident that Petitioner will be able to represent herself in this cause.

Should the matter proceed to a point where the Court finds that an exceptional circumstance presents, it will revisit this issue.   Consequently, after due consideration, the instant request for appointed counsel is denied.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that Dume's Motion for an Order to Remain in the Jurisdiction of the ICE New Orleans Director be **DENIED**.

**IT IS FURTHER ORDERED** that Dume's Motion to Appoint Counsel (rec. doc. 2) be **DENIED**.

THUS DONE in Chambers on this 4th day of January, 2021.

**Patrick J. Hanna**
**United States Magistrate Judge**
